IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LUIS G. CABRERA, JR., | § | |
| | § | No.   82, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:   Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID. No. 9904019326 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:   September 26, 2018
Decided:   October 4, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 4th day of October 2018, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Appellant, Luis G. Cabrera, Jr., appeals from a Superior Court order denying Cabrera's Motion to Impose a Sentence Pursuant to the Class A Felony Statute.   Cabrera makes two claims on appeal.   First, he contends that this Court's decisions in *Rauf v. State*[1] and *Powell v. State*[2] invalidated the entirety of 11 *Del. C.* § 4209 (the first-degree murder sentencing statute), including the portion that

---

[1]  145 A.3d 430 (Del. 2016).
[2]  153 A.3d 69 (Del. 2016) (PER CURIAM).

imposes a mandatory sentence of life without parole for first-degree murder, thus requiring him to be sentenced under 11 *Del. C.* § 4205, the class A felony statute. Second, he contends that sentencing him to life without parole violates his constitutional rights, including his Eighth Amendment and due process rights.

(2) Cabrera's claims are identical to those raised by the appellant in *Zebroski v. State*.[3] In *Zebroski*, this Court affirmed the Superior Court's denial of *Zebroski's* claims that (1) *Rauf* invalidated not just Delaware's capital sentencing scheme, but all of 11 *Del. C.* § 4209 and (2) imposing a mandatory sentence of life without parole violates his Eighth Amendment and due process rights.[4] This Court held that a "defendant whose sentence is vacated under *Rauf* and *Powell* must be resentenced to the punishment the General Assembly has specified as the alternative to death: life without parole."[5] This Court further held that the imposition of a mandatory life sentence without parole does not violate the Eighth Amendment or due process rights.[6]

(3) Because *Zebroski* addressed and denied each of the claims Cabrera now raises, the Superior Court did not err in denying Cabrera's Motion.

---

[3] 179 A.3d at 857.
[4] *Id.* at 857, 864.
[5] *Id.* at 860.
[6] *Id.* at 860-63.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is **AFFIRMED.**

BY THE COURT:


/s/   James T. Vaughn, Jr.
Justice